| | |
|---|---|
| MATTHEW SULLIVAN, <br> 9912 N. Hedges Avenue <br> Kansas City, Missouri 64157 <br><br> and <br><br> JOSEPH A. and DEANNA C. ZAHNTER, <br> 3504 NE 34th Terr. <br> Kansas City, Missouri 64117 <br><br> On behalf of themselves and all others <br> similarly situated, <br><br>         Plaintiffs, <br> v. <br><br> MORTGAGE ELECTRONIC <br> REGISTRATION SYSTEMS, INC. <br> PO Box 2026 <br> Flint, Michigan 48501-2026 <br><br>    SERVE: Mortgage Electronic <br>           Registration Systems, Inc. <br>           Registered Agent: <br>           Sharon Horstkamp <br>           1818 Library Street, Suite 300 <br>           Reston, Virginia 20190 <br><br> MERSCORP, INC., <br> 1818 Library Street, Suite 300 <br> Reston, Virginia 20190 <br><br>    SERVE: MERSCORP, Inc. <br>           Registered Agent: <br>           Sharon Horstkamp <br>           1818 Library Street, Suite 300 <br>           Reston, Virginia 20190 <br><br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 4:11-cv-00285GAF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## FIRST AMENDED CLASS ACTION
## COMPLAINT FOR DECLARATORY JUDGMENT

COME NOW Plaintiffs Matthew Sullivan, Joseph A. and Deanna C. Zahnter, (hereafter "Plaintiffs"), pursuant to 28 U.S.C. §§ 2201 & 2202 and Federal Rule of Civil Procedure 57, and for their Class Action Complaint for Declaratory Judgment, allege as follows:

## PARTIES

1. Plaintiff Matthew Sullivan is a resident of 9912 N. Hedges Avenue, Kansas City, Missouri, County of Clay, Missouri.

2. Plaintiffs Joseph and Deanna Zahnter are residents of 3504 NE 34th Terrace, Kansas City, Missouri, County of Clay, Missouri.

3. Defendant Mortgage Electronic Registration Systems, Inc. is a Delaware corporation doing business in the State of Missouri. MERS claims to be a national electronic registry for tracking servicing rights and beneficial ownership interests in mortgage loans. MERS is a wholly owned subsidiary of MERSCORP, Inc. and describes its sole purpose as to be the mortgagee of record and nominee for the beneficial owner of a mortgage loan.

4. Defendant MERSCORP, Inc, is owned by dozens of banking and mortgage finance companies, including Wells Fargo Bank, NA, CitiMortgage, Inc., Bank of America, GMAC Residential Funding Corp., HSBC Finance Corp., the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and many others. MERSCORP, Inc. is the parent company of MERS, and does business in the State of Missouri.

## JURISDICTION AND VENUE

5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and because the defendants, within this state: (1) transacted business, (2) made contracts, and (3) assigned deeds of trust and/or promissory notes transferring interests in real estate in this district without the written authority from a principal to make such assignments and transfers.

6.  Plaintiffs and each member of the Class have individually incurred damages.

7.  Venue is proper in this Court because the wrongful conduct occurred in this district.

## COMMON ALLEGATIONS OF FACT

### Plaintiff Matthew Sullivan's Deed of Trust

8.  On or about May 17, 2007, plaintiff Matthew Sullivan executed a Deed of Trust identifying Brown Financial Services LLC as the Lender on plaintiff Sullivan's promissory note, and MERS "as a nominee for Lender and Lender's successors and assigns." A copy of the Deed of Trust is attached as Exhibit 1.

9.  Plaintiff Sullivan's Deed of Trust further states: "**MERS is the beneficiary under this Security Instrument**. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS." (emphasis in original)

10. Plaintiff Sullivan's Deed of Trust also provides: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee

for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."

11. MERS has Rules of Membership purporting to grant MERS a common agency to act on behalf of members of MERS, including, on information and belief, Brown Financial Services LLC and Flagstar Bank, FSB.

12. Brown Financial Services, LLC has never provided written authorization to MERS permitting MERS to assign or transfer either the Sullivan Note or the Sullivan Deed of Trust.

13. Brown Financial Services, LLC has never provided MERS with a power of attorney or any other written authority designating MERS with the specific power to make an assignment of a deed of trust or a note.

14. Notwithstanding an absence of written authority, on or about February 2, 2011, a document called "Assignment of Deed of Trust" was filed with the Clay County Recorder of Deeds, whereby MERS purported to "grant, sell, assign, transfer and convey, unto Flagstar Bank, FSB (herein Assignee), whose address is 5151 Corporate Drive, Troy, MI 48098-2639 all beneficial interest under a certain Deed of Trust recorded on May 24, 2007." (the Sullivan "Assignment," a copy of which is attached as Exhibit 2).

15. The Assignment was prepared by MERS, an entity with no cognizable legal interest in the Sullivan Deed of Trust.

16. The Assignment was executed by Sharon Morgan, purportedly "Vice President" for MERS.

17. At the time the Assignment was executed, upon information and belief, Morgan was also an employee of Flagstar Bank, NA, in Troy, Michigan.

<u>Plaintiffs Joseph and Deanna Zahnter's Deed of Trust</u>

18. On or about November 6, 2008, plaintiffs Zahnter purchased the property located at 3504 NE 34th Terr., Kansas City, Missouri 64117 (the "Property") more particularly described in the Deed of Trust attached as Exhibit 3.

19. Plaintiffs Zahnter signed a Promissory Note dated November 6, 2008 with First Community Bank ("FCB") (the "Note," a copy of which is attached as Exhibit 4).

20. Defendants MERS and MERSCORP, Inc. have no right or interest in or to the Note.

21. The Zahnter Note is secured by a Deed of Trust on the Property. The Deed of Trust states: "The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of PO Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS."

22. The Deed of Trust also states: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, releasing or canceling this Security Instrument."

23. MERS has Rules of Membership purporting to grant MERS a common agency to act on behalf of members of MERS, including First Community Bank and Central National Bank.

24. First Community Bank has never provided written authorization to MERS permitting MERS to assign or transfer either the Zahnter Note or the Zahnter Deed of Trust.

25. First Community Bank has never provided MERS with a power of attorney or any other written authority designating MERS with the specific power to make an assignment of a deed of trust or a note.

26. Notwithstanding an absence of written authority, on or about November 6, 2009, a document called "Assignment of Deed of Trust" was filed with the Clay County Recorder of Deeds, whereby MERS purported to "assign and transfer to Central National Bank, as nominee for First Community Bank the Deed of Trust and promissory note executed by Joseph A. Zahnter and Deanna C. Zahnter" (the "Assignment", a copy of which is attached as Exhibit 5).

27. The Assignment was prepared by MERS, an entity with no cognizable legal interest in either the Deed of Trust or the Note.

28. The Assignment was executed by Patricia J. Eggers, purportedly "Vice President" for MERS.

29. At the time the Assignment was executed, Eggers was also an officer of Central National Bank of Superior, Nebraska.

30. R.K. Arnold, President and CEO of MERSCORP, Inc. testified on November 16, 2010 before the United States Senate Committee on Banking, Housing and

Urban Affairs, that an Assignment of a mortgage lien (e.g., a Deed of Trust) is a conveyance of an interest in real property, and is therefore a recordable transaction.

31. The Assignments identified above and made by MERS are null and void and transfer no interest in the Deeds of Trust (i.e., the Mortgage) executed by plaintiffs, as MERS had no interest in the Notes.

32. The assignments identified above and made by MERS are null and void and transfer no interest in the Deeds of Trust because Brown Financial Services LLC and First Community Bank did not authorize MERS in writing to make assignments on their behalf.

33. The assignments identified above and made by MERS are null and void and transfer no interest in the Deeds of Trust because the assignments violate the Statute of Frauds, RSMo § 432.010 ("No action shall be brought . . . upon any contract for the sale of lands . . . or an interest concerning them . . . unless the agreement upon which the action is brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized . . .")

34. Alternatively, if the Assignments are a valid transfer of the Deeds of Trust, the Deeds of Trust has thus been separated from the Note, and are now without force and effect, and therefore no party had authority to foreclose.

## CLASS ACTION ALLEGATIONS

35. The Class of persons whom the plaintiffs represent consists of all Missouri home owners whose Deed of Trust identifies MERS as a nominee for the lender.

36. The members of the Class are so numerous that joinder of all of them is impracticable. The Center for Responsible Lending projected 36,700 foreclosures in the State of Missouri in 2010, with $5.9 million in lost home equity due to nearby foreclosures. MERS claims to have registered approximately 50% of the residential mortgage loans in the United States, or some 63 million loans, and is the recorded mortgagee on approximately 600,000 active loans in the State of Missouri.

37. There are questions of law or fact common to the Class, including:

(a) Whether powers of attorney were executed in writing granting MERS authority to make assignments of an interest in real estate;

(b) Whether Missouri's Statute of Frauds requires that there must exist written authority to an agent assigning an interest in real estate;

(c) Whether defendants are liable to plaintiffs for declaratory judgment and injunctive relief and for damages arising from unauthorized assignments of an interest in real estate;

(d) Whether plaintiffs have been damaged by the defendants' conduct.

38. Plaintiffs' claims are typical of the claims of the Class and predominate over any questions affecting only individual members.

39. Plaintiffs have retained counsel who are competent and experienced in class action litigation, and will fairly and adequately protect the interests of the Class.

40. A class action under Federal Rule of Civil Procedure 23 is superior to other available methods for the fair and efficient adjudication of this controversy because:

(a) The named Representatives have the same interest as other members of the Class, and are financially able to, and will, vigorously prosecute this action on behalf of the Class;

(b) It is desirable to concentrate the litigation in this forum because the damages suffered by individual members of the Class may be relatively small, and the expense and burden of individual litigation make it impracticable for individual Class members to pursue separate litigation. Such a situation would permit Defendants to retain the benefits of its wrongdoing despite violations of the law; and

(c) No difficulties are likely to be encountered in the management of this litigation as a class action.

### COUNT ONE: DECLARATORY JUDGMENT

41. Plaintiffs incorporate by reference all of the allegations set forth above in ¶¶ 1-40 as if set forth in full in Count One.

42. There is an actual controversy between plaintiffs and defendants MERS and MERSCORP, Inc.

43. Defendants MERS and MERSCORP, Inc. have taken action to assign plaintiffs' Deeds of Trust without the specific written authority to do so.

44. MERS has registered approximately 50% of the residential mortgage loans in the United States. MERS is the recorded mortgagee on approximately 600,000 active loans in the State of Missouri.

45. It is anticipated that defendants MERS and MERSCORP, Inc. will continue to take such unlawful action without written authority throughout the State of Missouri, and therefore the controversy is ripe.

46. A decision by this Court concerning whether defendants' conduct violates Missouri's Statute of Frauds will resolve the controversy.

47. Plaintiffs are entitled to a declaratory judgment by this Court that:

(a) Pursuant to Missouri's Statute of Frauds, defendants must have specific written authority to assign or transfer any interest in real property within the State of Missouri;

(b) Defendants have never received specific written authority to assign or transfer an interest in real property within the State of Missouri;

(c) The language contained in Deeds of Trust and quoted above in ¶¶ 9-10, 21-22 does not satisfy the demands of Missouri's Statute of Frauds and is insufficient to bestow authority upon MERS to assign Deeds of Trust or other interests in real property in the State of Missouri;

(d) The language contained in MERS' Membership Rules does not grant MERS authority to execute assignments;

(e) Applying Missouri laws regarding agency and the Statute of Frauds, MERS lacks the authority to assign or transfer interests in real property in the State of Missouri;

(f) In light of the foregoing, every assignment or transfer of an interest in real property by MERS in the State of Missouri is null and void.

WHEREFORE, plaintiffs respectfully request that the Court issue a declaratory judgment in favor of plaintiffs and against defendants MERS and MERSCORP, Inc. as itemized above, and award plaintiffs their attorneys' fees and costs incurred in defending

the rights of the plaintiff class, together with pre-judgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## COUNT TWO: INJUNCTIVE RELIEF

48. Plaintiffs incorporate by reference all of the allegations set forth above in ¶¶ 1-47 as if set forth in full in Count Two.

49. As set forth above, defendants continue the unlawful practice of making assignments and transfers of real property without the written authority to do so.

50. The continuing assignments and transfers of interests in real property by defendants are unlawful.

51. Plaintiffs and the class have a high probability of success on the merits of this lawsuit.

52. Accordingly, defendants should be enjoined from continuing to make any assignment or transfer of an interest in real property in the State of Missouri.

WHEREFORE, plaintiffs respectfully request that the Court issue an injunction in favor of plaintiffs and against defendants MERS and MERSCORP, Inc., and award plaintiffs their attorneys' fees and costs incurred in defending the rights of the plaintiff class, together with pre-judgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## REQUEST FOR DAMAGES AND RELIEF

Plaintiffs, on behalf of themselves and all members of the class respectfully request that the Court enter Judgment as follows:

(a) For an order certifying that this action may be maintained as a class action and appointing plaintiffs as class representatives, and their counsel as class counsel.

(b) For a declaration conforming to ¶ 47(a)-(f) above.

(c) For an injunction prohibiting defendants from continuing their unlawful conduct.

(d) For pre-judgment interest as provided by law.

(e) For post-judgment interest as provided by law.

(f) For an award to plaintiffs and the class of their reasonable attorney fees.

(g) For an award to plaintiffs and the class of the costs and expenses of this litigation.

(h) For such other and further relief as the Court may deem necessary and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED,

GREGORY LEYH, P.C.

 s/ Gregory Leyh
Gregory Leyh, #42283
Gregory Leyh, P.C.
104 N.E. 72nd Street, Suite I
Gladstone, Missouri  64118
(816) 283-3380 Phone
(816) 283-0489 Fax
gleyh@leyhlaw.com
ATTORNEY FOR PLAINTIFFS